**BURMAN AND WIEHER, a partnership, Plaintiff,**

v.

**Henry HOLZKAMPER, Secretary of the Department of Housing and Urban Development, Washington, D.C., and Unknown Owners, Defendants.**

**No. 86 C 727.**

United States District Court, N.D. Illinois, E.D.

Nov. 22, 1988.

---

Gary A. Weintraub, Chicago, Ill., for plaintiffs.

Eileen M. Marutzky, U.S. Atty., for defendants.

Henry Holzkamper, pro se.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant Department of Housing and Urban Development ("HUD") to dismiss. *See* Fed.R. Civ.P. 12(b)(1), (6). For the following reasons, the motion is denied.

The facts of this case, construed most favorably to the nonmovant, are as follows. HUD placed the property at issue for sale through competitive bids. Forrest Jolley, HUD's Acting Chief of the Multifamily Property Disposition Branch of the Chicago Office, informed defendant Henry Holzkamper's real estate representative that Holzkamper was the successful bidder, but a week later, HUD attempted to reverse the decision to accept Holzkamper's bid. This court found, in a related case, that Jolley's manifestations of acceptance of the bid were unauthorized and *ultra vires. American National Bank and Trust Company v. Secretary of Housing and Urban Development*, No. 83 C 5909 (N.D. Ill. April 16, 1985) [available on WEST-LAW, 1985 WL 738]. Prior to that decision, however, Holzkamper, believing he would soon own the property, entered into a written agreement with plaintiff for legal services, seeking a reduction in real estate tax assessments on the property. Plaintiff performed those services and obtained a reduction, which benefits HUD as owner of the real estate. Plaintiff therefore requests payment for its services in the amount of $142,572.49. Counts I and II of the complaint are directed against defendant Holzkamper; Counts III and IV are directed against HUD, seeking imposition of an equitable lien and constructive trust against the involved real estate, so as to avoid HUD's unjust enrichment. Defendant HUD moves to dismiss Counts III and IV.

Defendant HUD argues that this court has no jurisdiction over Counts III and IV because of sovereign immunity.

The parties agree that plaintiff's claims against HUD are claims of contracts implied-in-law. *See Aetna Casualty and Surety v. United States*, 655 F.2d 1047, 228 Ct.Cl. 146 (1981). The Seventh Circuit has held that the National Housing Act ("Act") (12 U.S.C. § 1702) permits implied-in-law contract suits against HUD where HUD is carrying out specified provisions of the Act. *Merrill Tenant Council v. United States Department of Housing and Urban Development*, 638 F.2d 1086, 1090 (7th Cir.1981) (because HUD owns or operates properties pursuant to the Act, a duty imposed by Illinois statute on such activity falls within the "carrying out specified provisions of the Act" requirement). The court in that case further noted that where a governmental agency is launched into the commercial world with authority to sue and be sued, as is the case with HUD, the waiver of sovereign immunity should be interpreted broadly, and absent a clear showing to the contrary, it must be presumed that the agency is no less amenable to judicial process than a private enterprise under like circumstances. *Id.*

One subchapter of the Act authorizes the Secretary of HUD to pay "all expenses or charges in connection with ... any property acquired by him under this section." 12 U.S.C. § 1713(*l* ). Here, the legal fees are expenses connected with the property involved in this case, property which HUD acquired. Also, HUD makes no argument that if it were a private enterprise, it would not be vulnerable to an implied-in-law claim under the facts of this case, as alleged. Construing the Act's waiver of sovereign immunity broadly, the court finds the "carrying out specified provisions of the Act" requirement is met here.

For a claim to be within the Act, a second requirement must also be met: any judgment for a plaintiff must come from funds within the control of the Secretary of HUD. *Merrill*, 638 F.2d at 1091. The funds may not come from the United States Treasury. *Id.* Here, plaintiff alleges that a fund comprised of rents received by HUD from this property and a General Insurance Fund exist, and thus HUD controls the necessary funds. HUD does not deny this allegation.

HUD argues that in *Merrill*, the fund referred to by the court was comprised of funds collected by the parties and transferred to HUD, thus allowing the claimants to collect amounts due them, but in this case, neither plaintiff nor Holzkamper delivered funds to HUD. The court sees no indication in *Merrill* that these facts were considered relevant. On the contrary, *Merrill* states that so long as HUD has funds to pay the judgment, and thus the United States Treasury would not be directly used to pay, the second requirement is met.

■ Defendants next argue that this court has no jurisdiction over claims alleging an implied-in-law contract, *citing Aetna Casualty, supra.* However, *Aetna Casualty* states that such a claim is beyond *its* jurisdiction, meaning the jurisdiction of the court of claims, not the jurisdiction of any federal court. In fact, the claims court states that "the federal district and circuit courts may apply a variety of substantive theories, including those based solely on equitable considerations." *Aetna Casualty*, 655 F.2d at 1060.

■ Finally, defendant argues that no lien can be attached to federally owned buildings and grounds. However, this proposition is based on sovereign-immunity. *See Armstrong v. United States*, 364 U.S. 40, 46, 80 S.Ct. 1563, 1567, 4 L.Ed.2d 1554 (1960). Because sovereign immunity is waived in this case, the court finds that proposition inapplicable.

In sum, defendant HUD's motion to dismiss is denied.

IT IS SO ORDERED.