ERNEST ANDERSON, Plaintiff-Appellant, v. DWIGHT H. Doss, Defendant-Appellee.

(No. 11451;

Fourth District—June 24, 1971.

Ferguson & Ferguson, of Decatur, for appellant.

Joe Hedge, of Monticello, for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This case reaches us by way of transfer from the Supreme Court. It visits us for the second time with the same $2,000.00 earnest money on a real estate purchase contract involved. (*Anderson v. LeBeau*, 97 Ill.App.2d 170, 239 N.E.2d 140.) In that case, the plaintiff Anderson sought to cancel an agreement for the sale of real estate and to recover his earnest money payment of $2,000.00. In that case as here, the sole issue was the recovery of the down payment.

In that case, William and Helen LeBeau and attorney Dwight H. Doss were made party-defendants. Doss was dismissed out of the suit on his own motion and no appeal was taken from order of dismissal either at the time or when the original appeal was prosecuted. The cause was

referred to the Master in Chancery who recommended a dismissal of the complaint as to the LeBeaus, objections to the Master's report were overruled and a decree was entered by the court dismissing the complaint with a finding that the plaintiff had made no reply to the affirmative defense and had failed to prove the material allegations of his complaint. That affirmative defense alleged that the status of Doss in the transaction was as a fiduciary or agent for the defendants. It is thus conclusive that the $2,000.00 is not recoverable by the plaintiff purchaser from the LeBeaus. He now files his suit against Doss, the attorney.

■■ The trial court held that the suit against the attorney was barred by statute of limitations for the reason that the five-year statute on oral contracts was controlling rather than the ten-year statute on written contracts. At the time the contract for the purchase of the real estate was entered into, the plaintiff purchaser gave his personal check to attorney Dwight H. Doss for $2,000.00. This check was dated September 12, 1959, deposited by Doss in his personal account on September 22 and honored and paid by the plaintiff's bank. On the bottom margin of the face of the check was this legend: "LeBeau  *  *  *  subject to agreement on furniture  *  *  *  contract on 1617 North Main, Decatur, Illinois." The complaint alleged that the attorney was to hold the check pending an agreement between the parties about furniture, that such an agreement was never reached and that plaintiff never did authorize the cashing or delivery of the check. It should be here observed that these stated conditions do not appear in any written document, were not a part of the written articles of agreement and are not part or parcel of any written document. We have some difficulty in finding that this is a suit on the check. The check was issued, cashed, deposited and charged to the account of the plaintiff in September, 1959. If the defendant violated or breached any fiduciary obligation to the plaintiff, it took place then and was then known to the plaintiff. Certainly if a plaintiff is charged with knowledge of the recording of a deed as a public record (*Miller v. Siwicki*, 8 Ill.2d 362, 134 N.E.2d 321) then it would seem reasonable that this plaintiff was fully aware of the fact that this $2,000.00 check was charged to his bank account in September, 1959, and then knew that there was a breach of a fiduciary relationship, if there was one. Such a suit must be brought within five years after its discovery. (*Tarpoff v. Karandjeff*, 17 Ill.2d 462, 162 N.E.2d 1.) We noted in the previous appeal that as to Doss there was no issue as to equitable relief absent an appeal from the judgment in that case dismissing that equitable action as to Doss. It would appear that the trial court was correct in its application of the five-year statute of limitations. (Ill. Rev. Stat. 1967, ch. 83, par. 16.) That statute bars this action.

■■■ We cannot regard the ten-year statute of limitations, Ill. Rev. Stat. 1967, ch. 83, par 17, as controlling. The legend on the check would appear to us to be more of a means of identification with a particular transaction rather than expressly or impliedly setting forth any specific terms of that transaction. Its terms and conditions must be found elsewhere. So far as the furniture or this check is concerned, those terms are not found in the written contract for the sale of real estate. They do not appear in any written documents in this record. There is nothing in writing directing or controlling the delivery of this check. Action for breach of a parol contract is controlled by the five-year statute and begins with knowledge, express or implied, of a breach of the contract.

Accordingly, the judgment of the trial court must be affirmed.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.