RALPH E. ARMSTRONG et al., Plaintiffs-Appellants, v. WALTER F. GUIGLER et al., Defendants-Appellees.

Third District    No. 3—94—0626

Opinion filed June 1, 1995.

HOLDRIDGE, J., dissenting.

The Leiter Group, of Peoria (Thomas E. Leiter, of counsel), for appellants.

Karen L. Kendall, William I. Covey, Brad A. Elward, and Gary D. Nel-

son, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellees Walter F. Guigler and Russell V. Smith.

Bozeman, Neighbour, Patton & Noe, of Moline (John P. Harris, of counsel), for appellee Robert F. Smith.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiffs, Ralph and Rema Armstrong (Armstrongs), sued the defendants, real estate brokers Walter Guigler, Russell Smith and Robert Smith, d/b/a The Bob Smith Agency (the brokers), for breach of an implied duty arising out of a written listing contract. The trial court held that the Armstrongs' action fell within the five-year statute of limitations applicable to breaches of fiduciary duty. We hold that when a fiduciary relationship is created in a written document, claims for a breach of fiduciary duty are governed by the 10-year statute of limitations for written contracts. Accordingly, we reverse and remand.

The Armstrongs filed suit against the brokers 9 years and 10 months after the expiration of the listing contract. They claimed that the brokers had failed to disclose information regarding the sale of the property at issue and that the brokers had breached their duties of loyalty and fidelity to the Armstrongs. The brokers filed motions to dismiss based on the passage of the statute of limitations. These motions were granted.

On appeal, the Armstrongs argue that the 10-year limitations period found in section 13—206 of the Code of Civil Procedure (Code) (735 ILCS 5/13—206 (West 1992)) should apply because the contract which created the relationship between the parties was in writing and because the duty of the brokers to the Armstrongs was implied in the written contract as a matter of law. The brokers contend that the five-year statute of limitations provided for in section 13—205 of the Code (735 ILCS 5/13—205 (West 1992)) is proper because the exact nature of the agent's duty was not spelled out in the contract and because the Armstrongs' claims are essentially claims for breach of fiduciary duty.

Initially, we must determine whether the Armstrongs' claims are indeed claims for breach of fiduciary duty.

A real estate listing agreement creates a principal and agent relationship between the broker and the prospective seller. (See *Arthur Rubloff & Co. v. Drovers National Bank* (1980), 80 Ill. App. 3d 867, 400 N.E.2d 614.) An agent owes its principal a fiduciary duty to treat the principal with the utmost candor, care, loyalty and good faith. See *Burdett v. Miller* (7th Cir. 1992), 957 F.2d 1375.

The Armstrongs assert in their complaint that the brokers owed them a duty to disclose all material facts regarding the sale of the Armstrongs' property and to act with loyalty and fidelity toward the Armstrongs. In their brief, the Armstrongs contend that "an agency contract requires the agent to perform his obligations in good faith and with fidelity and loyalty to the principal." Although the Armstrongs claim that this is not an action for breach of fiduciary duty, their claim fails because the duties of loyalty and fidelity of which they speak are part and parcel of the fiduciary duty of the agent to its principal. Thus, we must conclude that the Armstrongs' claims are claims for breach of the fiduciary duty owed to them by the brokers.

The brokers cite *Anderson v. Doss* (1971), 133 Ill. App. 2d 798, 271 N.E.2d 109, and *Luminall Paints, Inc. v. La Salle National Bank* (1991), 220 Ill. App. 3d 796, 581 N.E.2d 191, for the proposition that the statute of limitations for a breach of fiduciary duty is five years. While we do not quarrel with that statement, we find these cases to be distinguishable. In neither case was the fiduciary duty implied as a matter of law in a written agency contract. Moreover, the parties did not cite, and we were unable to find, any case enforcing the five-year statute of limitations for breach of fiduciary duty when the fiduciary duty was created by a written document. Consequently, we find that the brokers' reliance on *Anderson* and *Luminall Paints* is misplaced.

Having determined that the Armstrongs' claims are for breach of fiduciary duty and having further determined that the cases imposing a five-year statute of limitations on such claims are distinguishable from the case at bar, we must now determine what statute of limitations applies to claims for breach of fiduciary duty when the duty is implied as a matter of law from a written contract.

A similar question was addressed by the Seventh Circuit Court of Appeals in a case involving the application of Illinois law. In *Economy Fuse & Manufacturing Co. v. Raymond Concrete Pile Co.* (7th Cir. 1940), 111 F.2d 875, the court was asked to determine whether an action for breach of an implied warranty of reasonably good workmanship was governed by the statute of limitations for written contracts or the limitations period on unwritten contracts. The court held that warranties implied by law become part of the written contract as surely as if those warranties were expressly stated. Therefore, the court held that these implied warranties could not remove the claim from the 10-year statute of limitations applicable to written contracts.

Subsequently, the Illinois Supreme Court cited *Economy Fuse* for the proposition that the law existing at the time a contract is made is

deemed a part of the contract and is treated as a part of the contract even though it may not be expressly referenced in the document. (*Schiro v. W.E. Gould & Co.* (1960), 18 Ill. 2d 538, 165 N.E.2d 286.) The court opined that the reason for this rule is that the parties would have provided for that which the law implies if they had not believed that such an expression was unnecessary. *Schiro*, 18 Ill. 2d at 544, 165 N.E.2d at 290.

We find the rationale of *Economy Fuse* and *Schiro* persuasive. Consequently, we find that the law which imposes a fiduciary duty upon an agent becomes a part of the written contract between the parties even though the duty is not expressly stated in that contract. Thus, the Armstrongs' cause of action was governed by the 10-year statute of limitations governing written contracts. Because the Armstrongs filed their claim within the 10-year limitations period, we hold that the trial court erred in dismissing their claim with prejudice.

For the foregoing reasons, the judgment of the trial court of Peoria County is reversed and the cause is remanded for further proceedings. .

Reversed and remanded.

SLATER, J., concurs.

JUSTICE HOLDRIDGE, dissenting:

I must respectfully dissent from the majority's opinion. I believe that the five-year statute of limitations provided for in section 13—205 of the Code (735 ILCS 5/13—205 (West 1992)) applies to actions for breach of fiduciary duty, regardless of whether the fiduciary duty arises from a written contract or not. I would therefore affirm the order of the trial court dismissing plaintiff's complaint as barred by the statute of limitations.

Courts interpreting Illinois laws on this issue have consistently held that actions brought for breach of duties implied in law, even where the relationship of the parties arises from a written document, are nonetheless subject to the five-year statute of limitations. *Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850; *Luminall Paints, Inc. v. La Salle National Bank* (1991), 220 Ill. App. 3d 796, 803; *Havoco of America, Ltd. v. Sumitomo Corp. of America* (7th Cir. 1992), 971 F.2d 1332, 1337.

In *Cooper* the court squarely held on this issue:

> "As long ago as 1892, it was judicially determined that an action on an implied undertaking, arising by virtue of a written agree-

ment, constitutes an action on an unwritten contract and, consequently, must be brought within the five-year limitation period. (*Knight v. St. Louis, Iron Mountain & Southern Ry. Co.* (1892), 141 Ill. 110, 115, 30 N.E. 543.)" *Cooper*, 122 Ill. App. 3d at 858.

I believe that *Havoco* is more instructive on this issue than *Economy Fuse & Manufacturing Co. v. Raymond Concrete Pile Co.* (7th Cir. 1940), 111 F.2d 875, cited by the majority. In *Havoco* the parties entered into a written sales agency agreement whereby Havoco designated Sumitomo as its agent for the sale of coal. The court found that the written contract created an agency relationship between the parties and that "[u]nder Illinois law, Sumitomo, as Havoco's agent, owed Havoco a fiduciary duty as a matter of law. [Citations]." (*Havoco*, 971 F.2d at 1336.) The district court granted summary judgment for Sumitomo, holding that Havoco's claim for breach of fiduciary duty was time barred by the Illinois five-year statute of limitations. (Ill. Rev. Stat. 1991, ch. 110, par. 13—205 (now 735 ILCS 5/13—205 (West 1992)).) In affirming the district court, the court stated:

"[A] plain reading of [sections 13—205 and 13—206] demonstrates that the district court correctly applied the five-year limitations period. The ten-year limitations period in section 13—206 applies only to actions on written contracts or other written evidence of indebtedness; a breach of fiduciary duty claim is not such an action. Section 13—205 applies to all torts, actions on oral contracts, and 'all civil actions not otherwise provided for.' A breach of fiduciary duty claim is an action 'not otherwise provided for' in the Illinois statutes of limitations." *Havoco*, 971 F.2d at 1337.

Unlike *Economy*, which dealt with implied warranties of fitness and workmanship in a construction contract, *Havoco* concerns the same type of contract and implied duty as in the matter *sub judice*, *i.e.*, a fiduciary duty implied in law and arising from a written agency agreement. I believe the court's reasoning in *Havoco* is sound and, although not controlling, nonetheless persuasive.

I also note that the plaintiffs in this action seek punitive damages for willful and wanton breach of fiduciary duty. As a general rule, punitive damages are not recoverable for breach of contract. (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 187; *Hayes v. Moynihan* (1869), 52 Ill. 423, 426; *Bank of Lincolnwood v. Comdisco, Inc.* (1982), 111 Ill. App. 3d 822, 829.) The sole purpose of contract damages is to compensate the nonbreaching party, and punitive damages are not available even for a "willful" breach of contract. *Morrow v. L.A. Goldschmidt Associates, Inc.* (1986), 112 Ill. 2d 87, 94.

An exception to the general rule that punitive damages are not

coverable for breach of contract is when the conduct causing the breach is also a tort for which punitive damages are recoverable. (*McIntosh v. Magna Systems, Inc.* (N.D. Ill. 1982), 539 F. Supp. 1185 (applying Illinois law); *St. Ann's Home For The Aged v. Daniels* (1981), 95 Ill. App. 3d 576, 580.) Punitive damages are recoverable "where the breach amounts to an independent tort and there are proper allegations of malice, wantonness or oppression." *Bank of Lincolnwood v. Comdisco, Inc.* (1982), 111 Ill. App. 3d 822, 829.

Thus it would appear that the plaintiffs are attempting to pick and choose among causes of action, remedies and statutes of limitations to suit their needs. When it comes to damages, the complaint seeks a remedy only available in tort, not in an action for a breach of contract. But, when the plaintiffs need to avoid the five-year statute of limitations for actions sounding in tort, their cause now becomes an action for breach of contract. The trial court saw beyond the smoke and mirror logic of the plaintiffs and I would affirm the court's ruling.

Accordingly, I respectfully dissent.