NOTICE: Under Supreme Court Rule 367 a party has 21 days after the

filing of the opinion to request a rehearing. Also, opinions are

subject to modification, correction or withdrawal at anytime prior

to issuance of the mandate by the Clerk of the Court. Therefore,

because the following slip opinion is being made available prior to

the Court's final action in this matter, it cannot be considered

the final decision of the Court. The official copy of the following

opinion will be published by the Supreme Court's Reporter of

Decisions in the Official Reports advance sheets following final

action by the Court.

                                    

               Docket No. 79354--Agenda 10--January 1996.

      RALPH E. ARMSTRONG et al., Appellees, v. WALTER F. GUIGLER et

                            al., Appellants.

                     Opinion filed October 18, 1996.

                                    

                                    

     JUSTICE McMORROW delivered the opinion of the court:

     In this case, we are asked to decide whether the 10-year

statute of limitations for actions on a written contract (735 ILCS

5/13--206 (West 1992)), or the five-year statute of limitations for

"all civil actions not otherwise provided for" (735 ILCS 5/13--205

(West 1992)), applies to a cause of action for breach of an implied

fiduciary duty. A divided appellate court held that the implied

duty at issue here was "created in a written document" and

therefore the longer period of limitations controlled. 273 Ill.

App. 3d 85. We granted leave to appeal (155 Ill. 2d R. 315) and now

reverse the judgment of the appellate court.

                                Background

     On December 31, 1993, plaintiffs, Ralph and Rema Armstrong,

filed a single-count complaint in the circuit court of Peoria

County against the Bob Smith Agency (a real estate brokerage firm),

its owner, and two of its employees. The complaint alleged that

plaintiffs had entered into a written multiple listing agreement

with the Agency for the purpose of selling plaintiffs' property.

Under the terms of the agreement, plaintiffs granted the broker an

irrevocable and exclusive right to advertise and sell certain

parcels of property for the gross amount of $625,000. Plaintiffs

were obligated "to furnish a complete abstract showing good and

merchantable title to the premises, or to furnish a title guaranty

policy and to convey said premises by warranty deed clear of all

encumbrances, except general taxes." In the event of a sale,

plaintiffs were required to pay a broker's commission to be

calculated at 5% of the actual sales price.

     The agreement, which originally terminated by its own terms on

November 30, 1983, was later extended by the parties to February

28, 1984. Prior to that date, defendant Russell Smith, a sales

agent for the broker, presented plaintiffs with a written offer to

purchase the property on behalf of himself and certain other

undisclosed individuals. The offer was subject to the condition

that the first mortgagees, the Chillicothe Federal Savings & Loan

and the Security Savings & Loan, modify the current mortgages so as

to grant the buyers a right of assumption. Plaintiffs accepted the

offer and, on December 31, 1983, the parties closed the sale on the

property. The mortgages, however, were never assumed.

     According to the complaint, both Smith and another defendant,

Walter Guigler, knew that the buyers did not intend to assume the

mortgages. Guigler, in addition to serving as manager and chief

operating officer of the Chillicothe Federal Savings & Loan, also

worked as a sales agent for the broker. Despite the fact that both

Smith and Guigler owed plaintiffs a "duty of loyalty and fidelity"

as agents under the listing agreement, plaintiffs claimed that

neither defendant disclosed to them the buyers' intention to forgo

the mortgage assumption. Plaintiffs filed suit against defendants

for breach of an implied fiduciary duty, seeking $1 million in

compensatory and punitive damages, respectively. Although

plaintiffs later voluntarily struck their prayer for punitive

damages, which ordinarily are not recoverable for breach of

contract, the complaint in the instant case did not specify the

basis for plaintiffs' claim that they suffered $1 million in

compensatory damages.

     Defendants moved to dismiss the complaint pursuant to section

2--619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2--

619(a)(5) (West 1992)), arguing that plaintiffs' claim for breach

of fiduciary duty was governed by the five-year statute of

limitations set forth in section 13--205 of the Code (735 ILCS

5/13--205 (West 1992)). This provision, residual by nature, covers

all actions for which no limitations period is otherwise

prescribed. It states in pertinent part:

               "[A]ctions on unwritten contracts, expressed or

          implied, or on awards of arbitration, or to recover

          damages for an injury done to property, real or personal,

          or to recover the possession of personal property or

          damages for the detention or conversion thereof, and ALL

          CIVIL ACTIONS NOT OTHERWISE PROVIDED FOR, shall be

          commenced within 5 years next after the cause of action

          accrued." (Emphasis added.) 735 ILCS 5/13--205 (West

          1992).

Defendants point out that plaintiffs should have discovered the

alleged breach of duty no later than November 24, 1986, the date on

which a judgment of foreclosure was entered against the property.

Defendants urge that the complaint was not filed until seven years

later, on December 28, 1993, and therefore was not filed in the

time prescribed by section 13--205.

     Plaintiffs, on the other hand, claim that their cause of

action is governed by the 10-year statute of limitations for

written contracts. 735 ILCS 5/13--206 (West 1992). In contrast to

the general five-year statute of limitation, section 13--206

provides in relevant part:

               "[A]ctions on bonds, promissory notes, bills of

          exchange, written leases, WRITTEN CONTRACTS, or other

          evidences of indebtedness in writing, shall be commenced

          within 10 years next after the cause of action accrued

          ***." (Emphasis added.) 735 ILCS 5/13--206 (West 1992).

Plaintiffs argue that the implied duty of fidelity and loyalty was

as much a part of the written contract as were the terms expressly

stated therein. According to the plaintiffs, because the breach

occurred on December 31, 1983, the date of the closing, the

complaint filed on December 28, 1993, was timely filed.

     The circuit court granted defendants' motions to dismiss, and

plaintiffs appealed. On appeal, a majority of the appellate court

reversed the circuit court's decision and remanded the matter for

further proceedings. 273 Ill. App. 3d 85. The court found that "the

law which imposes a fiduciary duty upon an agent becomes a part of

the written contract between the parties even though the duty is

not expressly stated in that contract," and thus the ten-year

period of limitations applied. 273 Ill. App. 3d at 88. We now

reverse the appellate court.

                                 Analysis

     The determination of the applicable statute of limitations is

governed by the type of injury at issue, irrespective of the

pleader's designation of the nature of the action. Williams v. Ali,

145 Ill. App. 3d 458, 463 (1986); Weaver v. Watson, 130 Ill. App.

3d 563, 567 (1984). We have long held that "it is the nature of the

plaintiff's injury rather than the nature of the facts from which

the claim arises which should determine what limitations period

should apply." Mitchell v. White Motor Co., 58 Ill. 2d 159, 162

(1974); Handtoffski v. Chicago Consolidated Traction Co., 274 Ill.

282 (1916). Thus, even though isolated allegations in a tort

complaint may speak in terms of a contractual breach, the claim is

not necessarily afforded the longer, 10-year period of limitations

applicable to actions based on written contracts. Schreiber v.

Eastern Airlines, Inc., 38 Ill. App. 3d 556 (1976) (applying

personal injury limitations to coffee burn inflicted by careless

flight attendant despite victim's attempt to frame complaint as

breach of contract). A party simply may not circumvent a shorter

period of limitations, or attempt to breathe new life into a stale

claim, merely by means of artful pleading.

     In the present case, defendants argue that the appellate court

erred in holding that plaintiffs' claim qualifies as an "action on

a written contract" within the meaning of section 13--206.

Plaintiffs contend that their complaint comes within the purview of

that statute, even though the fiduciary duty sued upon is not

expressed in a written contract, but rather is implied in law.

Despite their divergent contentions, both parties cite cases from

parol evidence jurisprudence in an attempt to clarify the meaning

of the phrase "action on a written contract." See, e.g., Ames v.

Crown Life Insurance Co., 85 Ill. App. 3d 203 (1980); In re Estate

of Garrett, 24 Ill. App. 3d 895 (1975). Those case, however, are

inapposite to the case at bar.

     In the parol evidence cases, the dispositive question is

whether evidence of oral representations is necessary to establish

the existence of a written contract. If such evidence is required,

then the contract is treated as oral for purposes of the statute of

limitations. In other words, where a party is claiming a breach of

a written contract, but the existence of that contract or one of

its essential terms must be proven by parol evidence, the contract

is deemed oral and the five-year statute of limitations applies.

     For example, in Toth v. Mansell, 207 Ill. App. 3d 665 (1990),

the owner of supply company sought to recover monies owed by

defendant under an open account. The owner claimed that certain

invoices and monthly statements established either a written

contract or other evidence of indebtedness. As a result, the owner

argued, the 10-year statute of limitations for written contracts

applied. Ill. Rev. Stat. 1989, ch. 110, par. 13--206, now codified

at 735 ILCS 5/13--206 (West 1994).

     In rejecting that argument, the appellate court initially

noted that Illinois courts strictly interpret the meaning of a

"written" contract. It then stated that "[a] contract is considered

written for purposes of the statute of limitations if all essential

terms are reduced to writing and can be ascertained from the

instrument itself." Toth, 207 Ill. App. 3d at 669 (citing Brown v.

Goodman, 147 Ill. App. 3d 935 (1986), and Clark v. Western Union

Telegraph Co., 141 Ill. App. 3d 174 (1986)). Importantly, the court

recognized that if "parol evidence is necessary to make the

contract complete, then the contract must be treated as oral for

purposes of the statute of limitations." Toth, 207 Ill. App. 3d at

669 (citing Clark, 141 Ill. App. 3d 174, Weaver v. Watson, 130 Ill.

App. 3d 563 (1984), Novosk v. Reznick, 323 Ill. App. 544 (1944)).

     Applying these principles, the court in Toth reasoned that,

because the invoices and monthly statements did not contain any

promise to pay on the part of the defendant, the "plaintiff must

introduce some parol evidence, whether it be plaintiff's rendering

of statements to defendant, defendant's lack of objection or the

prior dealings between the parties." Toth, 207 Ill. App. 3d at 670-

71. Since resort to parol evidence was necessary to prove

defendant's obligation to pay under the written invoices, the court

concluded that the agreement for payment between the parties was in

fact an oral contract. Consequently, it applied the shorter period

of limitations found in section 13--205.

     However, in contrast to Toth and similar cases, e.g., Ames v.

Crown Life Insurance Co., 85 Ill. App. 3d 203 (1980), the case at

bar does not involve the necessity of introducing parol evidence of

oral representations. Rather, the instant case involves an implied,

extracontractual legal duty which arises by virtue of, and as an

incident to, the written contract. Thus, we are not concerned with

oral representations and what effect those representations may have

on a written document for statute of limitation purposes. We are

here concerned with whether a breach of an implied legal duty

qualifies as an action "on a written contract," particularly in the

absence of allegations in plaintiffs' complaint that the contract

itself was breached. Consequently, the parol cases are of limited

value in resolving the issue in the case sub judice. We must

therefore look to other authority to see whether this cause of

action for breach of an implied legal duty constitutes an "action

on a written contract."

     Surprisingly, with the exception of those cases involving the

parol evidence rule, courts in this state have had infrequent

occasion to interpret the phrase "action on a written contract."

This is particularly true where the written contract includes

duties implied in law, and the person seeking relief is asserting

a breach of that implied duty. We do note, however, that an

Illinois decision which has previously considered an action based

on breach of an implied fiduciary arising from a written contract

applied the five-year rather than the 10-year period of

limitations. Luminall Paints, Inc. v. La Salle National Bank, 220

Ill. App. 3d 796 (1991). The appellate majority in the case at bar

distinguished Luminall as well as another case, Anderson v. Doss,

133 Ill. App. 2d 798 (1971), on the grounds that "[i]n neither case

was the fiduciary duty implied as a matter of law in a written

agency contract." 273 Ill. App. 3d at 87. While this distinction is

valid as to Anderson, it does not hold true for Luminall. In

Luminall, the fiduciary duty was implied as a matter of law in a

written agreement which terminated a master lease. The plaintiff

there specifically alleged in its breach of fiduciary duty count

that the defendant agreed to act as plaintiff's agent by virtue of

the written termination agreement. Citing section 13--205, the same

provision relied on by defendants in this case, the Luminall court

held that "[i]n Illinois the statute of limitations for breach of

fiduciary duty is five years." Luminall, 220 Ill. App. 3d at 803.

     Luminall notwithstanding, plaintiffs urge this court to uphold

the appellate majority and apply the 10-year statute of limitations

solely on the grounds that the implied fiduciary duty arose from a

written document. We decline plaintiffs' invitation. To adopt such

a simplistic and formulaic approach would elevate form over

substance, and in the process would undermine the court's

obligation to look behind the allegations in a complaint to

discover the true character of plaintiffs' cause of action.

Mitchell v. White Motor Co., 58 Ill. 2d 159, 162 (1974). Moreover,

the fact that the origin of a cause of action may ultimately be

traced to a writing has never been sufficient, standing alone, to

automatically warrant application of the period of limitations

governing written contracts. For example, in Rozny v. Marnul, 43

Ill. 2d 54 (1969), this court rejected plaintiffs' contention that

the 10-year statute of limitations should govern an action for

tortious misrepresentation even though a land surveyor's guarantee

of accuracy was in writing. In reaching its decision, this court

stressed that "to hold the written contract statute of limitations

applicable to this action[] would be incompatible with our emphasis

upon the fact that the basis of liability affirmed herein is NOT

contractual in nature." (Emphasis in original.) Rozny, 43 Ill. 2d

at 69. See also Cooper v. United Development Co., 122 Ill. App. 3d

850, 858 (1984) (applying the all-inclusive five-year period of

limitations to a breach of an implied warranty of habitability over

plaintiffs' contention that the 10-year period controlled); Sabath

v. Mansfield, 60 Ill. App. 3d 1008, 1015 (1978) ("[a] suit for

fraud committed in the breach of a written contract is governed by

the five year statute applicable to all other civil actions not

otherwise provided for").

     Since the mere existence of a writing does not always, or in

all circumstances, mandate application of the 10-year statute of

limitations, the question remains as to what constitutes "an action

on a written contract" within the meaning of section 13--206. 735

ILCS 5/13--206 (West 1992). The essence of any contractual action

is found in the agreement's promissory language. Thus, it is only

where liability emanates from a breach of a contractual obligation

that the action may be fairly characterized as "an action on a

written contract." The focus of the inquiry is on the nature of the

liability and not on the nature of the relief sought. Mitchell v.

White Motor Co., 58 Ill. 2d 159, 162 (1974). It is irrelevant

whether the aggrieved party seeks monetary damages, specific

performance, rescission or restitution. As long as the gravamen of

the complaint rests on the nonperformance of a contractual

obligation, section 13--206 applies.

     By way of contrast, where a party advances a breach of a duty

that arises by operation of the law, the action is no longer

contractual in nature, but delictual. Stated otherwise, a claim for

a breach of a legal duty, as opposed to a breach of a contractual

promise, is in essence an action ex delicto. The difference between

the two breaches lies, in historical terms, in the distinction

between an action in assumpsit and an action in case. See, e.g.,

Fidelity Trust Co. v. Poole, 136 Ill. App. 266, 273 (1907) ("For a

breach of the duty an agent owes to his principal, the action may

be in assumpsit for the breach of the implied promise, or in case

for the breach of the implied duty").

     Although a party may often proceed under either contract

theory or tort theory upon the same set of facts (Board of

Education of Community Consolidated School District No. 54 v. Del

Bianco & Associates, Inc., 57 Ill. App. 3d 302, 306 (1978)), it

does not follow that the contract action and the tort action merge

into a single cause. Consequently, a party may not file suit based

on one theory, and then procedurally defend against a statute of

limitations challenge by claiming a different theory in order to

benefit from a longer statute of limitations which is applicable to

a cause of action which is different from that filed by plaintiff.

See, e.g., Handtoffski v. Chicago Consolidated Traction Co., 274

Ill. 282 (1916) (plaintiff unsuccessfully attempted to avoid

shorter period of limitations by amending his action in case to an

action in assumpsit); Halleck v. County of Cook, 264 Ill. App. 3d

887 (1994) (court rejected plaintiff's attempt to characterize

claim for retaliatory discharge as "contractual" in nature in order

to claim benefit of longer period of limitations). This appears to

be what has happened in the case at bar: plaintiffs' complaint

alleged a cause of action for breach of an implied fiduciary duty

based upon certain purported misrepresentations made by defendants,

but plaintiffs' response to defendants' motion to dismiss claimed

a different theory, i.e., breach of a written sales agency

agreement.

     Contrary to plaintiffs' argument on appeal, a review of the

allegations in the complaint reveals that plaintiffs do not seek

damages for defendants' failure to perform the contractual duties

in the listing agreement. Rather, plaintiffs claim that defendants,

in their legal status as agents, breached a general duty to

disclose all material information, resulting in a compensable

injury to plaintiffs. Specifically, paragraph 18 of the complaint

alleges in pertinent part:

               "a. Defendants failed to disclose to Plaintiffs that

          the individual businessmen Buyers of the Property were

          not assuming the first mortgage loans at Chillicothe

          Federal Savings and Loan Association and Security Savings

          and Loan Association.

               b. Defendants Walter F. Guigler and Russell V. Smith

          misrepresented to the Plaintiffs that the first mortgage

          loans at Chillicothe Federal Savings and Loan and

          Security Savings and Loan Association were being assumed

          by the individual businessmen buyers when, in fact, such

          loans were not being assumed by the Buyers."

     We note that the only difference between subparagraphs (a) and

(b) is that the latter includes the conclusory allegation of active

misrepresentation and further limits the charge to defendants

Guigler and Smith. It is clear that plaintiffs do not seek recovery

for any damages resulting from the nonperformance of contractual

obligations. To the contrary, plaintiffs are asserting a breach of

an implied fiduciary duty based on defendants' failure to disclose

that the buyers chose not to assume the mortgages. However, the

alleged agreement providing the buyers with a right to assume the

mortgages was oral and never reduced to writing or made a part of

the real estate listing agreement. Consequently, plaintiffs claim

is not itself an action on a written contract, but is collateral to

the contract. Although a written contract may have given birth to

a duty to disclose, that fact alone is not dispositive. As seen in

other contexts, although a cause of action's lineage may be traced

to a writing does not necessarily mean that section 13--206 is

implicated.

     A breach of an implied fiduciary duty is not an action ex

contractu simply because the duty arises by legal implication from

the parties' relationship under a written agreement. In fact, a

fiduciary relationship is founded on the substantive principles of

agency, contract and equity. Kinzer v. City of Chicago, 128 Ill. 2d

437, 445 (1989). It is precisely because a fiduciary relationship

is an amalgamation of various aspects of legal jurisprudence that

a purely contractual statute of limitations is inapplicable to a

breach thereof. Consequently, only the five-year statute of

limitations for all civil actions not otherwise provided for is

truly consonant with the distinctive characteristics of this cause

of action, regardless of the fact that, in this case, the fiducial

relationship arose from a written contract.

     The Seventh Circuit Court of Appeals recently alluded to the

unique character of the fiduciary duty in holding that the five-

year statute of limitations governed a breach of implied fiduciary

duty under Illinois law. Havoco of America, Ltd. v. Sumitomo Corp.

of America, 971 F.2d 1332 (7th Cir. 1992).  The Havoco court

stated:

          "[A] plain reading of the two statutes of limitations

          demonstrates that the district court correctly applied

          the five-year limitations period. The ten-year

          limitations period in section 13--206 applies only to

          actions on written contracts or other written evidence of

          indebtedness; a breach of fiduciary duty claim is not

          such an action. Section 13--205 applies to all torts,

          actions on oral contracts, and `all civil actions not

          otherwise provided for.' A breach of fiduciary duty claim

          is an action `not otherwise provided for' in the Illinois

          statutes of limitations." Havoco, 971 F.2d at 1337.

     Because a fiduciary relationship is unique in nature, as

explained above, we find the reasoning of the court in Havoco to be

persuasive. That same reasoning also leads us to reject plaintiffs'

contention that the appellate court correctly relied on Economy

Fuse & Manufacturing Co. v. Raymond Concrete Pile Co., 111 F.2d 875

(7th Cir. 1940), and Schiro v. W.E. Gould & Co., 18 Ill. 2d 538

(1960). In Economy, a property owner sued a contractor for breach

of an agreement to install concrete piles for use as building

supports. The owner alleged that the contractor held itself out to

the public "as possessing expert knowledge, skill and experience in

such work and as constantly furnishing to its clientele material

and workmanship suited to the purpose for which it might be

intended." Economy, 111 F.2d at 876. Elsewhere in the complaint,

the owner repeated the allegation that the contractor agreed to

install the piles in a workmanlike manner. Significantly, the owner

sued for breach of contract for failure to perform the contract.

     The contractor, by way of confession and avoidance, raised the

statute of limitations for actions on unwritten contracts, claiming

that the parties' written agreement never explicitly spoke in terms

of a workmanlike performance. According to the contractor, those

counts in the complaint sounding in contract should be governed by

the five-year statute of limitations. The court of appeals rejected

this argument, holding that performance in a workmanlike manner was

implied in the contract as a result of parties' contractual intent.

Accordingly, the court applied the 10-year statute of limitations

for written contracts.

     What distinguishes Economy from the present case is the fact

that the plaintiff there specifically sued for breach of contract

based upon the nonperformance of a contractual obligation.

Plaintiffs in the case at bar elected not to sue for breach of

contract, but chose instead to file a suit for breach of an implied

fiduciary duty. Moreover, the duty to perform in a workmanlike

manner is solely a contractual promise. A fiduciary duty, on the

other hand, is an extracontractual, legal duty which often arises

even in the absence of a contract. The fact that both duties may

arise by implication in the context of written contract is the only

similarity between the two. That similarity, though, is irrelevant

in determining which statute of limitations should apply to

specific facts.

     Likewise, Schiro merely involved the failure on the part of

the defendant to construct a sewer system in accordance with the

then existing City Code of Chicago. This court simply held that the

code violations were tantamount to a breach of contract even though

the construction contract was silent as to the code's requirements.

Schiro, 18 Ill. 2d at 546. We fail to see, however, how this

court's holding in Schiro advances plaintiffs' proposition that a

claim for breach of an implied fiduciary duty constitutes an action

on a written contract for purposes of the statute of limitations.

Indeed, Schiro does not even discuss the issue.

     Finally, applying the five-year statute of limitations for

"all civil actions not otherwise provided for" to the case at bar,

we note that although defendants did not support their section 2--

619 motions to dismiss with either a copy of the judgment of

foreclosure or an affidavit in compliance with Supreme Court Rule

191(a) (134 Ill. 2d R. 191(a)), plaintiffs apparently do not

dispute that on May 1, 1986, Chillicothe Federal obtained a

judgment by confession against plaintiffs as to one parcel, and

that on November 24, 1986, Security Savings obtained a judgment of

foreclosure against a second parcel. At a minimum, plaintiffs

should have discovered the purported breach of fiduciary duty as of

May 1, 1986. The complaint, however, was not filed until December

28, 1993, well beyond the time allotted by section 13--205. Thus,

the action is not timely.

     We hold that the cause of action filed by plaintiffs is

independent of and only incidental to the written contract. For the

foregoing reasons, we hold that the residual, five-year statute of

limitations applies to the breach of an implied fiduciary duty

alleged in the case at bar. Accordingly, we reverse the decision of

the appellate court and affirm the circuit court's ruling.

Appellate court judgment reversed;

                                         circuit court judgment affirmed.

                                                                         

     CHIEF JUSTICE BILANDIC, dissenting:

     I strongly disagree with the majority opinion affirming the

dismissal of the plaintiffs' complaint on statute of limitations

grounds. The plaintiffs' action is clearly one for breach of a

written contract and, thus, is governed by the 10-year statute of

limitations established in section 13--206 of the Code of Civil

Procedure.

     Even a cursory analysis of the plaintiffs' complaint reveals

that it raises a cause of action for breach of a written contract.

The contract is a standardized "Multiple Listing Service" agreement

entered into between the plaintiffs and defendant Russell Smith, a

real estate agent for defendant Bob Smith Agency. By virtue of the

listing contract, defendants Smith and the Bob Smith Agency became

agents of the plaintiffs in connection with the sale of the

plaintiffs' property. Under the express terms of the contract, the

plaintiffs agreed to pay a 5% commission to the defendants if the

property was sold during the term of the contract, and the

defendants obligated themselves to list the property with the

Peoria multiple listing service and to use diligence in procuring

a purchaser. The defendants' duty to the plaintiffs under the

contract, however, did not end there. Implied as a matter of law

into that contract was that the defendant agents owed the

plaintiffs a fiduciary duty to disclose all material facts

regarding the sale of the plaintiffs' property and to act with

loyalty and fidelity. This implied term was as much a part of the

listing contract as if it had been expressly stated therein. Schiro

v. W.E. Gould & Co., 18 Ill. 2d 538 (1960); Economy Fuse & Mfg. Co.

v. Raymond Concrete Pile Co., 111 F.2d 875 (7th Cir. 1940).

     It was this fiduciary duty which the plaintiffs' complaint

charged was breached by the defendants. The complaint set forth

factual allegations establishing the defendants' breach. According

to the complaint, Smith, purporting to act as the plaintiffs' sales

agent, submitted a proposal to purchase the plaintiffs' property on

behalf of himself and several other undisclosed buyers. The

proposal, which the plaintiffs ultimately accepted, included an

agreement that the undisclosed buyers would assume the plaintiffs'

mortgage on the property. Both Smith and another agent, Walter

Guigler, who was also the chief operating officer of the bank

holding the plaintiffs' mortgages, knew that the buyers had no

intention of assuming the mortgage. The plaintiffs, unaware of this

secret intent, consummated the sale. Pursuant to the terms of the

contract, the defendants were paid a real estate commission

exceeding $18,000. Agents Smith and Guigler and the owner of the

Bob Smith Agency each received a portion of this commission. These

facts, if true, clearly allege a breach of the defendants'

fiduciary duty to the plaintiffs implied in the listing agreement.

     The majority, however, concludes that the plaintiffs' cause of

action is not an "action on a written contract" and is therefore

barred by the five-year statute of limitations found in section 13-

-205 of the Code. The precise rationale for the majority decision

is unclear. Several portions of the opinion suggest that the

majority's ultimate conclusion rests upon a finding that the

plaintiffs' complaint did not adequately allege a cause of action

for breach of contract. For example, the majority claims that "a

review of the allegations in the complaint reveals that plaintiffs

do not seek damages for defendants' failure to perform the

contractual duties in the listing agreement." Slip op. at 9.

     The majority does not accurately characterize the allegations

of the plaintiffs' complaint. The plaintiffs' complaint clearly

sought to impose liability on the defendants for breach of a duty

arising out of the listing contract. The contract was attached to

the complaint as an exhibit, obviously to satisfy the Code of Civil

Procedure's requirement that, where a claim is founded upon a

written instrument, a copy of the writing must be attached to the

pleading or recited therein. 735 ILCS 5/2--606 (West 1992).

Paragraph 17 of the complaint alleges that "[p]ursuant to the

Listing Contract as agents of Plaintiffs, Defendants had a duty to

disclose to Plaintiffs all material facts regarding the sale of

Plaintiffs' Property, and a duty of loyalty and fidelity."

Paragraph 18 describes the manner in which the defendants breached

the contract, stating: "In violation of the Listing Contract and

the duties owed by Defendants to Plaintiffs as Plaintiffs' agents,

Defendants failed to disclose all material facts regarding the sale

of the Property and failed to perform their duties of loyalty and

fidelity to the plaintiffs." That paragraph then goes on to detail

the particular breaches at issue, stating that "[s]uch breach under

the Listing Contract includes the following:" (1) the failure to

disclose that the buyers did not intend to assume the mortgage; (2)

the active misrepresentation that such assumption would occur; and

(3) the failure to disclose that Guigler was to receive 25% of the

sales commission. In view of these explicit allegations, I am

bewildered by the majority's claim that the plaintiffs' complaint

"do[es] not seek damages for defendants' failure to perform the

contractual duties in the listing agreement." Slip op. at 9.

     It is evident that the plaintiffs have sued the defendants for

breach of the written listing contract. Absent the listing

contract, there is no agency relationship and the defendants have

no independent obligation to act in good faith and with loyalty to

the plaintiffs. It is the written contract alone which created the

agency relationship from which the implied contractual obligations

flow. It is true that an implied fiduciary duty can arise even

absent a written contract. However, that is not the situation in

this case. Here, the implied contractual obligations flow solely

from the written listing contract that created the agency

relationship between the plaintiffs and the defendants. Because the

plaintiffs' cause of action clearly emanates from breach of a duty

arising from a written contract, the 10-year limitations period

applicable to actions on written contracts should govern.

     Although it is unclear, the majority opinion may also rest

upon an alternative finding that breach of an implied, rather than

express, contractual term will always be governed by the five-year

limitations period. Such a conclusion, however, is inconsistent

with our courts' prior holdings. In Schiro v. W.E. Gould & Co., 18

Ill. 2d 538 (1960), this court determined that contracts are not

limited to the terms expressly set out in a writing. Rather, the

law existing at the time and place of making the contract

necessarily forms a part of the written contract, as though

expressly incorporated therein. Schiro, 18 Ill. 2d at 544.

Consequently, the defendants' duty to disclose material facts

relating to the sale of the plaintiffs' property was incorporated

into the listing contract as fully as if expressly stated therein.

Our courts have also held that a cause of action is not removed

from the 10-year limitations period governing written contracts

simply because the action arises from an implied legal duty

incorporated into the written contract. Board of Education of

Community Consolidated School District No. 54 v. Del Bianco &

Associates, Inc., 57 Ill. App. 3d 302 (1978); Stanley v. Chastek,

34 Ill. App. 2d 220 (1962); see also Economy Fuse & Mfg. Co. v.

Raymond Concrete Pile Co. (7th Cir. 1940), 111 F.2d 875. The

rationale underlying these rules is that the parties to the

contract would have expressed that which the law implies " `had

they not supposed that it was unnecessary to speak of it because

the law provided for it.' " Schiro v. W.E. Gould & Co., 18 Ill. 2d

538, 544 (1960), quoting 12 Ill. L. & Prac. Contracts §154, at 399

(1983). Thus, the 10-year limitations period governing actions on

written contracts applies to the present action even though the

contractual duty breached is an implied term in the written

contract, rather than a term expressly set out in the writing..

     In closing, I note that this is the second time this court has

deprived the plaintiffs of a remedy for the fraud and deceit

practiced upon them by various defendants involved in the sale of

the plaintiffs' property. In a prior case, the plaintiffs obtained

a $1,133,000 judgment against the Resolution Trust Corporation, as

receiver of Chillicothe Federal Savings & Loan Association, based

on the savings and loan's fraudulent misrepresentations to the

plaintiffs. One of the principal actors in the misrepresentation

was one of the defendants in this action, Walter F. Guigler, who

was the chief operating officer for the savings and loan at the

time the plaintiffs sold their property. This court ultimately

reversed the judgment for the plaintiffs, finding that the receiver

of a failed savings and loan association enjoyed immunity under the

D'Oench doctrine and its statutory codification, 12 U.S.C. §1823(e)

(1994). Armstrong v. Resolution Trust Corp., 157 Ill. 2d 49 (1993)

(Armstrong I). The plaintiffs filed the present action shortly

after this court entered its order in Armstrong I. The majority

opinion improperly deprives the plaintiffs of their opportunity to

obtain redress from the defendants who not only breached the

fiduciary duties that formed the very essence of the written

listing contract, but also accepted a substantial commission for

allegedly performing those duties in accordance with that contract.

     For the foregoing reasons, I respectfully dissent.

     JUSTICES HARRISON and NICKELS join in this dissent.